Celiz v Careride Paratransit, LLC (2020 NY Slip Op 03760)





Celiz v Careride Paratransit, LLC


2020 NY Slip Op 03760


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13757
 (Index No. 10907/14)

[*1]Maria Celiz, respondent, 
v
Careride Paratransit, LLC, et al., respondents, et al., defendant (and a third-party action).


Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellants.
Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Careride Paratransit, LLC, and Jeanette Torres appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered August 30, 2018. The order denied the motion of the defendants Careride Paratransit, LLC, and Jeanette Torres for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants Careride Paratransit, LLC, and Jeanette Torres (hereinafter together the defendants), and another, to recover damages for personal injuries she allegedly sustained in a motor vehicle accident on June 2, 2014. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court denied the defendants' motion, and the defendants appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' evidence did not establish, prima facie, that the alleged injuries to the plaintiff's left shoulder, as alleged in her bill of particulars, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Further, the defendants failed to establish, prima facie, that the alleged injuries to the plaintiff's left shoulder were not caused by the accident (see Hernandez v Pagan Corp., 174 AD3d 513, 513-514).
Since the defendants failed to meet their prima facie burden in this regard, it is unnecessary to determine whether the plaintiff's submissions in opposition were sufficient to raise [*2]a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
AUSTIN, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court